# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HILTON LLOYD KELLER,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 06-661-JPG |
| **DR. F. AHMED,** *et al.*, | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

    Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He states that in late 2002, he began complaining to medical personnel about an extremely sore throat, accompanied by swollen glands and severe heartburn. Plaintiff was treated with various antacids and antibiotics, but these medications provided only temporary relief. Eventually he was referred to Defendant Ahmed, who became his primary physician.

    Despite a lengthy documented history of Plaintiff's problems, Ahmed pronounced everything "normal," Over a three-year period, Plaintiff alleges that Ahmed repeatedly prevented other medical personnel from providing him with treatment. When a specialist recommended a larynxoscopy, Ahmed vetoed the procedure. Despite Ahmed's contention that nothing was wrong with Plaintiff, Ahmed offered to perform a biopsy on a lymph node. Apparently Ahmed botched that procedure, severing a nerve in Plaintiff's neck, causing damage to his left shoulder, neck and upper back, for which he received no treatment. In addition, Ahmed did not remove tissue from the appropriate

area.

In 2005, Defendant Feinerman replaced Ahmed as the medical director at Menard. Plaintiff continued to complain regularly about the symptoms detailed above, and eventually he was sent to an outside hospital for a biopsy. That test was negative, but Plaintiff continued to experience severe pain in his throat, neck, shoulder and back; he alleges that Feinerman refused to provide any treatment. In early 2005, Plaintiff began filing complaints with Defendant Elyea about the lack of any medical treatment from Ahmed and Feinerman, but Elyea did not respond to Plaintiff's requests for medical treatment. Plaintiff alleges that Elyea's lack of response was motivated by budgetary concerns, as well to cover up Ahmed's errors. Sometime prior to June 2006, another doctor referred Plaintiff for a larynxoscopy, which revealed a large growth on his larynx; surgery was performed in June 2006 to remove that growth. Despite the surgery, Plaintiff continued to experience severe heartburn, as well as pain in his neck, shoulder and back from Ahmed's botched surgery.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss any portion of the complaint at this point in time.  *See* 28 U.S.C. § 1915A.

**DISPOSITION**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **AHMED, FEINERMAN** and **ELYEA**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on  Defendants **AHMED, FEINERMAN** and **ELYEA** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of

service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: August 17, 2007.**

                                        **s/ J. Phil Gilbert**
                                        **U. S. District Judge**