IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HILTON LLOYD KELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-661 JPG |
| | ) | |
| ADRIAN FEINERMAN and DR. ELYEA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Currently pending before the Court are Plaintiff's motions for subpoena to issue (Doc. 36), requesting subpoena forms (Doc. 37), and to appoint counsel (Doc. 42).

**MOTIONS FOR SUBPOENAS**

On December 5, 2008, Plaintiff filed two motions asking that the Court issue subpoenas to five non-party entities to disclose Plaintiff's medical records and other documents. This Court will not compel a third party to provide documents until the Plaintiff has used the provisions of the Federal Rules of Civil Procedures for securing documents from a third party. To that end, the Plaintiff is directed to the subpoena provisions of Federal Rule of Civil Procedure 45. If the Plaintiff is unable to obtain copies of his medical records through a request made in the prison system, the Plaintiff may subpoena the documents through Rule 45. Plaintiff asks the Court to fill out the forms for him and serve them on the entities he names. It is the Plaintiff's responsibility to serve the subpoena on the appropriate person, as provided by Rule 45(b). Thus, Plaintiff's motions for subpoenas are **DENIED** in that the Court will not prepare and serve them for Plaintiff, but the motions are **GRANTED** in that the Clerk of Court is **DIRECTED** to issue six subpoenas forms to Plaintiff.

# MOTION TO APPOINT COUNSEL

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Plaintiff has not met the threshold burden of showing that he has attempted to retain counsel on his own. Thus, his request for appointment of counsel (Doc. 42) is **DENIED without prejudice**. Plaintiff may renew his request for counsel after he has shown a reasonable attempt to find an attorney on his own.

**IT IS SO ORDERED.**

**DATED: April 28, 2009**

                                                                     s/ *Donald G. Wilkerson*
                                                                     **DONALD G. WILKERSON**
                                                                     **United States Magistrate Judge**