IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HILTON LLOYD KELLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:06-CV-661 JPG |
| ) | |
| ADRIAN FEINERMAN and ) | |
| DR. ELYEA, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF OPINION DATED APRIL 1, 2010, ALLOWING DEFENDANT DR. WILLARD ELYEA'S MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS

Plaintiff, Hilton Lloyd Keller, for his Motion for Reconsideration of Opinion dated April 1, 2010, allowing Defendant Dr. Willard Elyea's Motion for Summary Judgment as to All Claims (Doc. 81), states:

1. On April 2, 2010, this Court entered its Opinion, allowing Defendant Dr. Elyea's Motion for Summary Judgment as to All Claims.

2. A court has inherent authority to reconsider an interlocutory order or judgment. Wilson ex rel. Adams v. Cahokia School Dist. No. 187, 470 F.Supp.2d 897, 913 (S.D. Ill. 2007).

3. "...Any order or other decision...may be revised at any time before the entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities." See Fed.R.Civ.P. 54(b); see also Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12, 103 S.Ct. 927, 935, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge").

4. Reconsideration of an interlocutory order or judgment may be granted where "the court has misunderstood a party; the court has made a decision outside the adversarial issues

presented to the court by the parties; the court has made an error of apprehension (not of reasoning); a significant change in the law has occurred; or significant new facts have been discovered." Millar v. The Lakin Law Firm, P.C., 2009 WL 5030759 at 1 (S.D. Ill. 2009) (quoting Wilson v. Cahokia Sch. Dist. # 187, 470 F.Supp.2d 897 (S.D. Ill. 2007)).

5. Motions for reconsideration serve to correct manifest errors of law or fact or to present newly discovered evidence. Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc., 762 F.2d 557, 561 (7th Cir.1985).

6. In its Opinion, the Court states, "A plaintiff can meet this burden [of demonstrating that the constitutional right was clearly established] by showing that there is a clearly analogous case establishing the right to be free from the specific conduct at issue or that the conduct is so egregious that no *reasonable person* would have believed that it would not violate clearly established rights." See Opinion p. 9 (emphasis added).

7. The Opinion goes on to state, "If the qualified immunity inquiry involves disputed facts, then the issue is one for trial." See Opinion p. 10.

8. Plaintiff's evidence demonstrates he contacted Defendant Elyea several times and explained his medical condition in detail; however, inappropriate medical treatment was still rendered, causing Plaintiff to sustain further injury.

9. Plaintiff complained on numerous occasions to Defendant Elyea regarding Plaintiff's two unnecessary surgeries, of not being allowed to see an E.N.T. specialist for two years, of not being given appropriate medication therapy for three years, of not being placed on a bland diet, and of permanent nerve injuries; however, Defendant Elyea failed to act to ensure Plaintiff received appropriate treatment.

10. Defendant Elyea, as medical director, had the power, authority, duty and obligation to ensure Plaintiff received proper medical treatment but did nothing, in violation of Plaintiff's rights.

11. Whether a reasonable person would believe Defendant Elyea's conduct is so egregious as to violate clearly established rights should be a factual question for the trier of fact.

12. Further, to the extent that Plaintiff's evidence contradicts Defendant's account of the care rendered to Plaintiff, a genuine dispute as to material facts exist, making the issue one for trial.

13. The Court's Opinion also states, "In determining whether a defendant is entitled to qualified immunity, courts examine (1) whether the facts, *viewed in the light most favorable to the plaintiff*, indicate that the defendant violated a constitutional right . . ." See Opinion p. 9 (emphasis added).

14. However, the Court's Opinion considers facts not in evidence or incorrect and draws presumptions in favor of Defendant.

15. For instance, the Court found, "Presumably, because of his position, Dr. Elyea received a significant number of letters from inmates pertaining to their medical care." See Opinion p. 8.

16. Defendant Elyea presented no evidence supporting this contention that would give rise to the Court's presumption of this fact.

17. In viewing the facts in the light most favorable to Plaintiff, Plaintiff respectfully requests the Court to instead presume that every inmate is receiving adequate medical care and, therefore, it is a rare occasion Defendant Dr. Elyea receives a letter complaining of the medical treatment.

18. The Court states, "It is perhaps worth noting that it is somewhat unrealistic to expect one physician to be responsible for the 'day-to-day' care of 45,000 patients."

19. Plaintiff has not argued that there is an expectation Defendant Elyea be responsible for the "day-to-day" care of 45,000 patients.

20. Instead, Plaintiff has asserted Dr. Elyea was responsible for ensuring the administration of medical services delivered to 45,000 patients by supervising, monitoring and responding to complaints concerning the doctors, nurses, medical technicians and other health care workers under his control.

21. Defendant Elyea, as medical director at a State Corrections Department, would know of an inmate's constitutional right to receive appropriate medical treatment and that the failure to provide such appropriate treatment violates that right. See generally, Verser v. Elyea, 113 F.Supp.2d 1211 (N.D. Ill. 2000) (concluding that chief administrative officer at a prison and head of the state prison system could be held liable if the conduct causing the constitutional deprivation occurs with his/her "knowledge" and he/she "condones it" or "turns a blind eye" by personally concurring in the denial of a grievance or appeal); Adams v. Detella, 2000 WL 1763342, 1 (7th Cir. 2000) (unpublished decision involving Dr. Elyea).

22. Defendant Elyea, as medical director of a State Corrections Department, would know, due to the nature of his position, that once he learns of a substantial risk to an inmate's health and fails to exercise his authority and power to intervene and order appropriate medical treatment, he is personally liable for the violation of that inmate's rights.

23. To the extent the Court relied on facts outside the adversarial issues presented by the parties for support of its Opinion, the granting of Plaintiff's Motion for Reconsideration is appropriate.

24. Further, to the extent the Court has taken genuine factual disputes out of the province of the trier of fact, it is an error of law that is corrected by reconsideration.

WHEREFORE, Plaintiff, Hilton Keller, respectfully requests a reconsideration of this Court's Opinion entered on April 1, 2010, allowing Defendant Dr. Willard Elyea's Motion for Summary Judgment as to All Claims.

Respectfully submitted,

/s/ Patrick E. Foppe
PATRICK E. FOPPE   #06282882
Lashly & Baer, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939 – Telephone
(314) 621-6844 – FAX
pfoppe@lashlybaer.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing pleading was served via the Court's electronic filing system on this 6th day of May, 2010, to the following attorneys of record:

Theresa M. Powell, Esq.
David M. Walter, Esq.
Matthew A. Lurkins, Esq.
Heyl, Royster, et al.
National City Center, Suite 575
P.O. Box 1687
Springfield, IL 62705
Fax: 217-523-3902
Attorneys for Defendant Adrian Feinerman, MD

Larry Lipka, Esq.
Illinois Attorney General's Office
500 South Second Street
Springfield, IL 62706
Fax: 217-524-5091
Attorney for Defendant Dr. Elyea

/s/ Patrick E. Foppe