**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| HILTON LLOYD KELLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 06-661-JPG |
| ) | |
| ADRIAN FEINERMAN, M.D., and ) | |
| DR. ELYEA, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF OPINION DATED APRIL 1, 2010, ALLOWING DEFENDANT DR. ELYEA'S MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS**

NOW COMES the Defendant, WILLARD ELYEA, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, and pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, hereby submits this Response to Plaintiff's Motion for Reconsideration of Opinion Dated April 1, 2010, Allowing Defendant Dr. Elyea's Motion for Summary Judgment as to All Claims. In support thereof, Defendant states as follows:

1.   On April 2, 2010, the Court entered its Opinion, allowing Defendant Elyea's Motion for Summary Judgment as to all claims. Plaintiff has filed the instant Motion asking the Court to reconsider the granting of summary judgment in favor of Defendant Elyea.

2.   Defendant contends that the Court ruled appropriately on April 2, 2010, and will address below why Plaintiff's arguments must fail. Accordingly, Defendant respectfully requests that the Court deny Plaintiff's Motion.

3.   In support of the instant motion, Plaintiff states that "Defendant Elyea, as medical director, had the power, authority, duty and obligation to ensure Plaintiff received proper medical treatment but did nothing, in violation of Plaintiff's rights." (Motion at ¶10). However, Plaintiff cites to nothing in the record to support this assertion. Further, Plaintiff

had the opportunity to respond to Plaintiff's qualified immunity argument in his original response.

4. Even if the above were properly cited to evidence in the record, there is no *respondeat superior* liability in cases brought pursuant to 42 U.S.C. §1983. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995).

5. Further, Plaintiff states that the Court "...consider[ed] facts not in evidence or incorrect and [drew] presumptions in favor of Defendant." (Motion at ¶14).

6. Plaintiff asserts that there was no evidence to support the Court's statement that "Presumably, because of his position, Dr. Elyea received a significant number of letters from inmates pertaining to their medical care." He states that in viewing the facts in the light most favorable to the Plaintiff, the Court should presume that it is a rare occasion that Defendant Elyea receives a letter complaining of medical treatment. (Motion at ¶15-17).

7. Whether or not Defendant Elyea received a "significant number of letters from inmates" or "it was a rare occasion that Defendant Elyea received a letter from an inmate complaining of medical treatment" is irrelevant to the instant case. Chief Judge Easterbrook recently stated that:

> Public officials do not have a free-floating obligation to put things to rights...Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [Plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The

> Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009). The Seventh Circuit has clearly held that sending letters to a public official, like Defendant Elyea, complaining about medical care is insufficient for liability to attach in a case brought pursuant to 42 U.S.C. §1983.[1]

      8.    Accordingly, Plaintiff's Motion to Reconsider should be denied by the Court.

WHEREFORE, for the above and forgoing reasons, Defendant respectfully requests that this Honorable Court deny Plaintiff's Motion for Reconsideration of Opinion Dated April 1, 2010, Allowing Defendant Dr. Elyea's Motion for Summary Judgment as to All Claims.

                Respectfully submitted,

                WILLARD ELYEA, M.D.,

                  Defendant,

                LISA MADIGAN, Attorney General,
                State of Illinois,

                  Attorney for Defendant,

                By    s/ Larry J. Lipka
                     Larry J. Lipka, #6297043
                     Assistant Attorney General
                     500 South Second Street
                     Springfield, IL 62706
                     Telephone: (217) 782-1841
                     Facsimile: (217) 524-5091
                     E-Mail: llipka@atg.state.il.us

---

[1] It is undisputed that Plaintiff's only contact with Defendant Elyea was via "several letters" he wrote. (Affidavit of Plaintiff, ¶22-25, Document 69-2).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| HILTON LLOYD KELLER, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 06-661-JPG ) |
| ADRIAN FEINERMAN, M.D., and DR. ELYEA, | ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2010, I electronically filed Defendant's Response to Plaintiff's Motion for Reconsideration of Opinion Dated April 1, 2010, Allowing Defendant Dr. Elyea's Motion for Summary Judgment as to All Claims, with the Clerk of Court using the CM/ECF system, which will send notice electronically to the following:

   Patrick E. Foppe, pfoppe@lashlybaer.com
   Matthew A. Lurkins, mlurkins@heylroyster.com
   Theresa M. Powell, tpowell@heylroyster.com
   David M. Walter, dwalter@heylroyster.com

and I hereby certify that on the same date, I mailed by United States Postal Service, the described document to the following non-registered participant:

   Hilton Lloyd Keller, #B-33552
   Menard Correctional Center
   711 Kaskaskia Street
   Menard, IL 62259

                                        Respectfully submitted,

                                   By      s/ Larry J. Lipka
                                        Larry J. Lipka, #6297043
                                        Assistant Attorney General
                                        500 South Second Street
                                        Springfield, IL 62706
                                        Telephone: (217) 782-1841
                                        Facsimile: (217) 524-5091
                                        E-Mail: llipka@atg.state.il.us