IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| HILTON LLOYD KELLER, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. 06-661-RHM |
| ADRIAN FEINERMAN, M.D., and DR. ELYEA, | ) ) ) ) ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO VACATE ORDER
GRANTING DOCTOR ELYEA'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, WILLARD ELYEA, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, and in response to Plaintiff's Motion to Vacate [Doc. 90], states as follows:

1. On February 18, 2010, Judge Gilbert recused himself from this matter due to the receipt of a threatening letter. [Doc. 79]. Chief Judge Herndon also recused himself on February 23, 2010, and transferred the matter to Judge Mills. [Doc. 80].

2. Defendant Elyea's Motion for Summary Judgment was granted on April 1, 2010. [Doc. 81].

3. On April 4, 2011, more than one year after the case was transferred to Judge Mills, Plaintiff seeks an order sending the case back to Judge Gilbert "because Judge

Gilbert had not previously made any substantive rulings against him" and because Plaintiff claims he did not write the threatening letter received by the Court.  Plaintiff also seeks to have all Orders vacated if they were entered following the transfer to Judge Mills. [Doc. 90].

4. While Defendant cannot know whether Plaintiff sent the threatening letter to the Judges of the Southern District of Illinois, Defendant objects to any order vacating this Court's April 1, 2010, Order granting Defendant Elyea's Motion for Summary Judgment.

5. Plaintiff fails to show how the threatening letter, whether written by the Plaintiff or someone else, is at all relevant to the issue of whether Defendant Elyea was entitled to summary judgment.

6. Plaintiff fails to show that Judge Gilbert and Chief Judge Herndon improperly recused themselves from this matter, even if Plaintiff could show he did not write the threatening letter.

7. Plaintiff believes he has been prejudiced because his case has been transferred to Judge Mills.  While Plaintiff may disagree with this Court's ruling, he fails to show any evidence he has suffered any prejudice.

8. While Plaintiff's Motion fails to specify a Rule of Civil Procedure under which his Motion is brought, Defendant assumes he seeks to vacate the April 1, 2010, Order pursuant to Rule 60(b).

9. Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment, order, or proceeding for one of six reasons. Plaintiff has failed to set forth any support for relief under any of the six possibilities listed in Rule 60(b). Additionally, Plaintiff's Motion is untimely as it is not filed within a reasonable time, or less than one year after the judgment. Fed. R. Civ. P. 60(c).

10. As Defendant Elyea cannot speak to whether the threatening letter was written by the Plaintiff, he does not have an opinion regarding the expungement of the threatening letter from the record if this Court finds it appropriate; however, Defendant Elyea objects to any order vacating this Court's April 1, 2010, Order granting Summary Judgment as the threatening letter is not relevant to that issue and Plaintiff did not request relief within a reasonable amount of time.

11. Plaintiff should not be allowed to wait over one year after this case was transferred, and over one year after he receives a ruling he disagrees with, before he asserts the transfer was inappropriate. To allow Plaintiff's motion would be to allow plaintiffs the opportunity to shop for judges until they receive a favorable ruling.

12. As Plaintiff has failed to show any prejudice due to the transfer of his case to Judge Mills and cannot show how the threatening letter, regardless of its author, is relevant to the issue of summary judgment, Plaintiff is not entitled to an order vacating the Order entered by Judge Mills granting Defendant Elyea's Motion for Summary Judgment.

WHEREFORE, for the above and foregoing reasons, Defendant Elyea respectfully requests this Court deny Plaintiff's Motion to Vacate [Doc. 90].

Respectfully submitted,

WILLARD ELYEA, M.D.,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant,

   s/ Melissa A. Jennings
Melissa A. Jennings,  #6300629
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782-8767
E-Mail: mjennings@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| HILTON LLOYD KELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 06-661-RHM |
| | ) | |
| ADRIAN FEINERMAN, M.D., | ) | |
| and DR. ELYEA, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2011, I electronically filed Defendant's Response to Plaintiff's Motion to Vacate Order Granting Doctor Elyea's Motion for Summary Judgment, with the Clerk of Court using the CM/ECF system, which will send notice electronically to the following:

Patrick E. Foppe, pfoppe@lashlybaer.com
Matthew A. Lurkins, mlurkins@heylroyster.com

and I hereby certify that on the same date, I mailed by United States Postal Service, the described document to the following non-registered participant: None.

Respectfully submitted,

  s/ Melissa A. Jennings
Melissa A. Jennings, #6300629
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Phone: (217) 782-9056
Fax: (217) 782-8767
E-Mail: mjennings@atg.state.il.us